United States District Court
Southern District of Texas
**ENTERED**
August 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIAM JONES MILLER PROTECTION TRUST, *et al.*, | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00060 |
| OSCAR RIVERA, *et al.*, | § | |
| Defendants. | § | |

## ***AMENDED***[1] **MEMORANDUM AND RECOMMENDATION**

Before the Court are (1) Plaintiffs' Motion for Preliminary Injunction (D.E. 49)[2]; (2) Plaintiffs' Motion for Declaratory Judgment (D.E. 53); and (3) Defendants' Motion to Dismiss for Failure to State a Claim (D.E. 56). The motions have been referred to the undersigned by the District Judge pursuant to 28 U.S.C. §636 to make recommendations to the Court on dispositive motions and to handle pretrial matters. (D.E. 7).

Based on the relevant filings and applicable law, it is recommended that the Defendants' Motion to Dismiss be **GRANTED-in-PART** and the Plaintiff's Motions for Injunctive and Declaratory Relief be **DENIED**.

[1] The undersigned previously withdrew the May 11, 2026, Memorandum and Recommendation (D.E. 71) and now issues this Amended Memorandum and Recommendation expounding on the *Younger* analysis regarding whether there is an adequate opportunity for judicial review before the State Court.

[2] This motion seeks the immediate restoration of Plaintiffs' access to the real property located at 6021 Highway 77, Odem, Texas. (D.E. 49). On August 3, 2026, the Defendants filed an advisory with the Court stating that the District Attorney's Office has returned the real property to the listed owner. (D.E. 80). This most likely makes Plaintiff's Motion for Preliminary Injunction moot.

## I. Background

On February 27, 2025, Plaintiffs William Jones Miller Protection Trust and William Jones Miller filed this lawsuit. (D.E. 1). On December 2, 2025, Plaintiffs Williams Jones Miller Protection Trust, Williams Jones Miller, and Lone Star Compliance Technologies, LLC filed their Fourth Amended Complaint (D.E. 48), the operative pleading in this case. Plaintiffs bring this action against San Patricio County, Texas and San Patricio County Sheriff Oscar Rivera (in both his individual and official capacities). (*Id*.). Plaintiffs' case is based on the execution of a state search warrant and seizure of real property located at 6021 Highway 77, Odem, Texas ("Subject Property"). Plaintiff William Jones Miller Protection Trust ("The Trust") is the owner of the Subject Property. Plaintiff William Jones Miller is the appointed trustee of the Trust. Plaintiff Lone Star Compliance Technologies, LLC ("Lone Star") is a company leasing the Subject Property. (*Id*. at 1). Plaintiffs appear to assert claims under 42 U.S.C. §1983 for violations of their Fourth and Eighth Amendment rights. (*Id*. at 3-4). They seek declaratory and injunctive relief, as well as compensatory damages in the amount of $10,000.00 per month in lost rental income, $8,000.00 in bail, emotional distress and reputational damages, punitive damages, attorney's fees, costs, and interest. (*Id*. at 5).

Plaintiffs allege that Defendants "raided the Subject Property without a valid or particularized warrant, arrested employees," seized Subject Property and a vehicle, and imposed an excessive bond totaling $80,000.00. (*Id*. at 2-3). Plaintiff contends that the search warrant's probable cause affidavit was "materially false and tainted." (*Id*.).

Plaintiff's lessee terminated the lease contract and Plaintiffs suffer rental losses of $10,000.00 per month. (*Id*.). Plaintiff William Jones Miller was arrested at the Texas-Mexico border and later released after posting bond. (*Id*. ).

After reviewing the filings in this case and after a hearing on March 12, 2026 before the undersigned, the Court ordered the parties to submit additional briefing regarding whether the *Younger* abstention doctrine applies to this case. *Younger v. Harris*, 401 U.S. 37 (1971). Specifically, the Court was informed by the parties that Plaintiff William Jones Miller is a criminal defendant in a pending criminal indictment in the 343rd District Court in San Patricio County, Texas charging him with Engaging in Organized Criminal Activity based on the conduct at issue in this litigation. (see D.E. 69)[3]. Furthermore, the Subject Property is being held as evidence by state law enforcement officials pursuant to Texas Code of Criminal Procedure § 59.02. (see D.E. 64). The parties submitted the additional briefing as requested and the Court has reviewed said briefing. (D.E.s 68 & 69).

Plaintiffs argue that the *Younger* abstention doctrine does not apply to this case because this case challenges a separate constitutional injury than the ongoing criminal prosecution. (D.E. 68 at 2). Plaintiffs submit that they are challenging the Defendants' seizure and continued occupation of the Subject Property, not the criminal prosecution. (*Id*.). Plaintiffs state that because there is no ongoing forfeiture proceeding at the state

[3] Plaintiff William Jones Miller is indicted in pending criminal case S-25-3741CR, scheduled for jury trial before the 343rd District Court on August 17, 2026 (reset from the April 13, 2026 trial date Defendants discuss in their briefing (D.E.s 69 & 79-4 pgs. 1-2)).

level and the Trust is not a criminal defendant, the abstention doctrine does not apply. (*Id* at 4). Plaintiffs later argued in their objections to the withdrawn May 11, 2026 Memorandum and Recommendation that the Trust does not have an adequate forum to present its claims in state court because it is not a defendant in any state proceeding, it owns the real property at issue, and that no state court has been asked to adjudicate the real property issue present in this case. (D.E. 72 at 1-2).

Defendants argue that the abstention doctrine does apply to this case because this case is an attempt by Plaintiff to interfere with the state proceedings. (D.E. 69 at 2). Defendants state that "the nature of Plaintiff's requested relief not only indirectly affects the on-going criminal prosecutions by limiting access to evidence available at trial or introducing new variables in the chain of custody of said evidence but would directly influence the application [of] Texas law to the facts of this case undoubtably halting on-going proceedings or potentially dismantling the criminal proceedings as a whole." (*Id*. at 4-5). Defendants argue that Texas has important state interests that this case attempts to interfere with. (*Id*. at 6). Specifically, Defendants contend that Plaintiffs' "attempt to interfere with the very process by which a state court will resolve evidentiary disputes, asset forfeiture, and the prosecution of criminal charges." (*Id*. at 7). Defendants also argue that Plaintiffs have adequate opportunity to address the constitutional challenges in state court and that none of the exceptions to *Younger* abstention apply here. (*Id*. at 8-10).

## II. Legal Standard and *Younger* Abstention

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc*., 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). Preliminary injunctive relief is a "matter of equitable discretion" which "does not follow as a matter of course from a plaintiff's showing of a likelihood of success on the merits." *Benisek v. Lamone*, 585 U.S. 155, 138 S. Ct. 1942, 1943-44, 201 L.Ed.2d 398 (2018). In sum, it is "an extraordinary remedy never awarded as of right." *Id*. at 1943; see also *Whole Woman's Health v. Jackson*, 595 U.S. 30, 141 S. Ct. 2494,2494–95, 210 L.Ed.2d 1014 (2021) ("To prevail in an application for a stay or an injunction, an applicant must carry the burden of making a strong showing[.]").

A federal district court must abstain from exercising jurisdiction in a suit when state criminal proceedings are pending against the plaintiff at the same time. *See Younger v. Harris,* 401 U.S. at 41, 91 S.Ct. at 749 (reversing federal injunction of state criminal prosecution "as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances"). The *Younger* principle of abstention is based upon considerations of comity and federalism, *see id.* at 43–45, 91 S.Ct. at 750–51, and "the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer

irreparable injury if denied equitable relief." *Id.* at 43–44, 91 S.Ct. at 750; *see Huffman v. Pursue, Ltd.,* 420 U.S. 592, 604, 95 S.Ct. 1200, 1208, 43 L.Ed.2d 482 (1975) (stating that *Younger v. Harris* "rests upon the traditional reluctance of courts of equity ... to interfere with a criminal prosecution"). Under the *Younger* abstention doctrine, "federal courts must[ ]refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted." *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) (citing cases). It is improper for federal court to grant declaratory relief as to validity of statute when prosecution involving such statute is pending in state court at time federal suit is initiated. 28 U.S.C.A. § 2283; *Younger*, 401 U.S. at 37. The doctrine does not apply to claims for monetary relief, however. See *Saloom v. Tex. Dept. Of Family and Child Protective Servs*., 578 F. App'x 426, 429 (5th Cir. 2014) (stating that "requests for monetary damages do not fall within the purview of the *Younger* abstention doctrine").

Three conditions must be met for the doctrine to apply: "(1) the dispute must involve an 'ongoing state judicial proceeding;' (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges." *Wightman–Cervantes v. Tex.*, No. 3:03-CV-3025-D, 2004 WL 2512208, at *2 (N.D. Tex. Nov. 5, 2004) (citing *Wightman v. Tex. Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996) ); see *Bice v. La. Pub. Def. Bd*., 677 F.3d 712, 716 (5th Cir. 2012). If the three conditions are met, the "doctrine requires that federal courts decline to exercise jurisdiction" over the lawsuit unless "

'certain narrowly delimited exceptions to the abstention doctrine apply.' " *Bice*, 677 F.3d at 716 (citations omitted). Furthermore, federal courts decline to exercise jurisdiction under *Younger* in three "exceptional categories of cases," (1) ongoing state criminal proceedings, (2) certain civil enforcement proceedings, and (3) "pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns Inc. v. Jacobs,* 571 U.S. 69, 78 (2013).

## III. Discussion

### A. Ongoing State Proceeding

Plaintiff William Jones Miller's criminal case has been pending in state court since October 22, 2025.[4] This lawsuit was filed in federal court by Plaintiffs on February 27, 2025, before the criminal prosecution was initiated. However, abstention is required when an indictment was filed in a state criminal proceeding "before any proceedings of substance on the merits had taken place in the federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975); see also *Hawaii Hous. Author. v. Midkiff*, 467 U.S. 229, 238 (1984) (holding that abstention is required only where the criminal proceeding commences before the federal action has proceeded "beyond the embryonic stage"). The criminal case is still pending and is currently set for trial on August 17, 2026. Further, the indictment was issued prior to resolution of any merits issues in this case. The instant

[4] According to public website information on idocket.com. (Criminal Docket; Case S-25-3741CR ; Felony THE STATE OF TEXAS Vs. WILLIAM JONES MILLER, Filed 10/22/2025 - Disposition: 156th District Court, District Clerk, San Patricio County, Texas, Bondsman: Personal Recognizance).

case was therefore, at the time of the indictment, definitionally embryonic. The dispute therefore "involves an 'ongoing judicial proceeding'" for the purposes of *Younger*.

**B. Important State Interest**

No party contests that an important state interest—the investigation and prosecution of a criminal case—is at play. (See generally Ps' Supp. Brief; Defs' Supp. Brief at D.E.s 68 & 69).

**C. Adequate Opportunity for Judicial Review**

Plaintiffs contend that there is no ongoing state judicial proceeding concerning the real property at issue. (D.E. 68 at 4; D.E. 72). Specifically, Plaintiffs claim that because there is apparently no state forfeiture proceeding pending under Chapter 59 of the Texas Code of Criminal Procedure and the Trust is not a party to the criminal prosecution, there is not a proper forum to address any unlawful seizure of the real property[5]. *Id.*; (D.E. 72). Defendants argue that Plaintiffs may raise their constitutional challenges in state district court as part of the underlying criminal actions where the real property itself is being held as evidence of a crime/contraband pursuant to Chapter 59. (D.E. 69 at 8-10).

The undersigned will now address the Trust's claim that, because it is not a party to the criminal proceedings in state court, it does not have an adequate forum in state court to argue these matters.

---

[5] According to public website information on idocket.com, there is a civil forfeiture proceeding pending relating to the execution of the search warrant in this matter: Civil Docket; Case S-25-5200CV-B; The State of Texas vs. 224 Gambling Devices, $39,860.56 US Currency, A Quantity of Silver, White Portable Building, and All other contents, Filed 3/18/2025 – Pending in the 156th District Court, District Clerk, San Patricio County, Texas. The parties agree that the real property at issue here is not a part of that litigation. (D.E. 79 at 2).

### 1. Trusts in Texas

In Texas, a trust is not a separate legal entity, but instead is a fiduciary relationship between the trustee and the trust property. *Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) ("[T]he term 'trust' refers not to a separate legal entity but rather to the fiduciary relationship governing the trustee with respect to the trust property."). Texas law is clear that in all suits "by or against a trustee and all proceedings concerning trusts," the trustee is a necessary party to the action. See TEX. PROP. CODE §§ 115.001(a) (emphasis added), 115.011(b)(4); see also *Ray Malooly Tr*., 186 S.W.3d at 570 ("The general rule in Texas (and elsewhere) has long been that suits against a trust must be brought against its legal representative, the trustee."); *In re Estate of Webb*, 266 S.W.3d 544, 548 (Tex. App.—Fort Worth 2008, pet. denied) ("The Texas Trust Code provides that in an action by or against a trustee and in all proceedings concerning trusts, the trustee is a necessary party if a trustee is serving at the time the action is filed." (quotation omitted));*Tomlinson v. Khoury*, 624 S.W.3d 601, 608 (Tex. App. 2020).

"When a valid trust is created, the beneficiaries become the owners of the equitable or beneficial title to the trust property, and are considered the real owners; the trustee is merely the depository of the bare legal title." *City of Mesquite v. Malouf*, 553 S.W. 2d 639, 644 (Tex.Civ.App.—Texarkana 1977); *Hallmark v. Port/Cooper-T.Smith Stevendoring Company, et al*., 907 D.W. 2d 586, 589 (Tex.App.—Corpus Christi 1995); *Bradley v. Shaffer*, 535 S.W.3d 242, 248 (Tex.App.—Eastland 2017). It is well established that the legal and equitable estates must be separated; the former being vested

in the trustee and the latter in the beneficiary. *Perfect Union Lodge No. 10, A.F. & A.M., of San Antonio v. Interfirst Bank of San Antonio, N.C.*, 748 S.W. 2d 218, 220 (Tex. 1988).

Texas Property Code Section 112.034(a) provides: "If a settlor transfers both the legal title and all equitable interests in property to the same person or retains both the legal title and all equitable interests in property in himself as both the sole trustee and the sole beneficiary, a trust is not created and the transferee holds the property as his own." TEX. PROP. CODE § 112.034(a). In this case, the parties have filed documents at the Court's direction regarding the make-up of the Trust. (D.E. 79). Plaintiff, The Trust, is composed of Plaintiff William Jones Miller as the Trustor, the Trustee, and the sole Beneficiary. (D.E. 79-1). Therefore, Plaintiff William Jones Miller, under Texas law, owns the real property at issue in this matter as his own and it does not appear that a valid trust was created in the William Jones Miller Protection Trust. Texas court have held that "a beneficiary of a valid trust is the owner of the equitable or beneficial title to the trust property and is considered the 'real' owner of the trust property." *City of Mesquite v. Malouf*, 553 S.W.2d 639, 644 (Tex. Civ. App.–Texarkana 1977, writ ref'd n.r.e.); *0.089 Acres of Land Blk: 015, Lot: 012, Addn: Superior Sec 3 Physically Located at 3607 Tampico Dr., Midland, Texas, Midland Cnty., Texas v. State*, No. 11-13-00306-CV, 2015 WL 9584019, at *3 (Tex. App. Dec. 31, 2015).

Plaintiffs have not alleged any facts showing that they will be barred from raising their constitutional claims in the state court proceedings. *Shipula v. Tex. Dep't of Family Protective Servs.*, No. H-10-3688, 2011 WL 1882521, at *9 (S.D. Tex. May 17, 2011).

The Trust is not a separate legal entity under Texas law and Plaintiff William Jones Miller will have a full opportunity as the owner of the real property to raise constitutional challenges in the Texas state court and on direct appeal in the event of a conviction. *Blakely v. Kelly*, No. 3:16-cv-2801-K-BN, 2016 WL 6581283, at *2 (N.D. Tex. Oct. 12, 2016); see also *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 16 (1987)(federal courts "should assume that state court procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights"); *Childress v. Watkins*, No. 5:14-cv-748-DAE, 2014 WL 4274311, at *3 (W.D. Tex. Aug. 28, 2014)(finding that "state proceedings, which include the appeal process, are adequate to redress any alleged constitutional deprivation").

Moreover, the claims before this court pertain, at their core, to whether the state improperly executed a warrant in seizing property as part of a criminal investigation. The questions of whether the property seized was beyond the scope of the warrant or whether there was improper retention of the seized items are inextricably linked to the propriety of the warrant's execution and are best dealt with in the context of the criminal proceeding for which the warrant was issued. Specifically, Plaintiffs may move in state court to challenge the warrant's validity and for suppression of the fruits of the warrant in question. In other words, Plaintiffs may challenge the seizure and seek return of the property in question as part of a suppression hearing in state court. Therefore, the

undersigned concludes that there does exist a proper avenue for judicial review before the state court.

For these reasons, reaching the merits of the preliminary injunction and declaratory relief requested at this time would "interfere with a pending state prosecution." *Kugler*, 421 U.S. at 123. Because all three conditions of *Younger* are met, jurisdiction over Plaintiffs' requests for injunctive and declaratory relief is lacking unless an exception applies.

### D. Exceptions (Bad Faith, Unconstitutional State Stature, Extraordinary Circumstance)

The *Younger* abstention doctrine does not apply if:

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it, or (3) where other extraordinary circumstances threaten irreparable loss [that] is both great and immediate.

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quotations omitted) (quoting *Younger*, 401 U.S. at 45, 91 S.Ct. 746); see also *Bice*, 677 F.3d at 716 n.3 (quoting *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) ). The plaintiff "has the burden of showing that [an] exception applies." *Wightman-Cervantes*, 2005 WL 770598, at *5 (citing *Stewart v. Dameron*, 460 F.2d 278, 279 (5th Cir. 1972) ); see *Malone v. Dutton*, No. A-16-CA-1183-SS, 2017 WL 4399564, at *4 (W.D. Tex. Oct. 3, 2017) (citing cases) ("A plaintiff arguing against the application of *Younger* bears the burden of establishing one of the exceptions applies.").

In *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir.1984), the Fifth Circuit stated that "[t]he *Younger* doctrine establishes a presumption that the federal courts should abstain in cases in which a state criminal proceeding is pending. This presumption is overcome by a showing of bad faith or intent to harass." "The Fifth Circuit has applied the bad faith exception in 'two major circumstances': first, when a state commences a prosecution or proceeding to retaliate for or to deter constitutionally protected conduct; and second, when the prosecution or proceeding is taken in bad faith or for the purpose to harass." *All Am. Check Cashing, Inc. v. Corley*, 191 F.Supp.3d 646, 660 (S.D. Miss. 2016) (citations omitted) (citing cases). A federal court must abstain from entering an injunction "unless the movant pleads and proves bad faith, harassment, or other exceptional circumstances ...." *Wightman–Cervantes*, 2004 WL 2512208, at *2 (citing *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 87 (5th Cir. 1992) ). The " 'bad faith' exception is narrow and should be granted parsimoniously." *Hefner v. Alexander*, 779 F.2d 277, 280 (5th Cir. 1985). It applies where:

> (1) the plaintiff establishes that the conduct allegedly retaliated against or sought to be deterred was constitutionally protected, and that the state's bringing of the criminal prosecution was motivated, at least in part, by a purpose to retaliate for or to deter that conduct; and (2) the state fails to show by a preponderance of the evidence that it would have decided to prosecute even had the impermissible purpose not been considered.

*Jordan v. Reis*, 169 F.Supp.2d 664, 669 (S.D. Tex. 2001) (citing *Wilson v. Thompson*, 593 F.2d 1375, 1382–83 (5th Cir. 1979) ).

Plaintiffs have not argued in this case that the state prosecution was brought in bad faith or with intent to harass. (See D.E. 68). Nor have they argued that any state statute

is unconstitutional or that there are any exceptional circumstances to seek an exception to the *Younger* abstention doctrine. *Id*. The undersigned finds that the presumption regarding *Younger* abstention has not been overcome.

**IV. RECOMMENDATION**

Because all three conditions of the *Younger* abstention doctrine are met, and Plaintiffs fail to show that an exception applies, the undersigned recommends their motion for injunctive relief (D.E. 49) and motion for declaratory relief (D.E. 53) be denied. The undersigned recommends that Defendants' Motion to Dismiss (D.E. 56) be granted-in-part regarding any claims for injunctive/declaratory relief alleged in the Fourth Amended Complaint. Plaintiffs' injunctive/declaratory relief claims should be dismissed without prejudice for lack of subject matter jurisdiction. *Thomas v. State*, 294 F.Supp. 3d 576, 593-96 (N.D. Tex. 2018)(finding that claims for injunctive relief should be dismissed without prejudice for lack of subject matter jurisdiction based on *Younger*).

The undersigned recommends that Plaintiffs' claims for monetary relief be stayed, the Clerk be directed to administratively close this case, and Plaintiffs be instructed that they may request to reopen the case at the conclusion of the underlying state proceedings if necessary.

Respectfully recommended on August 4, 2026.

Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).